# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO MURGUIA,<br><br>         Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 1:16-cv-00452 BAM<br><br>**ORDER ON PLAINTIFF'S<br>SOCIAL SECURITY COMPLAINT** |

## **INTRODUCTION**

Plaintiff Ignacio Murguia ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability and disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act.[1] The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe. The Court finds that the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

///

---

[1] Nancy A. Berryhill is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit.

1

# BACKGROUND

On March 1, 2012, Plaintiff applied for disability insurance benefits, alleging disability beginning April 20, 2010. AR 84, 110, 205-06. Plaintiff's application was denied initially and on reconsideration. AR 128-32, 135-39. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 140. ALJ Serena S. Hong held a hearing on June 3, 2014, and issued an order denying benefits on July 30, 2014. AR 29-70, 10-23. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-4, 5. This appeal followed.

## Hearing Testimony

The ALJ held an administrative hearing on June 3, 2014, in Fresno, California. AR 31. At the hearing, Plaintiff appeared with his attorney, Mark Edelman. Impartial vocational expert Cheryl R. Chandler also appeared and testified. AR 32.

Plaintiff testified that he was born in 1971, and lives with his wife, in-laws and three children. He currently receives state disability, and had previously been receiving workman's compensation. AR 33-34. Plaintiff confirmed that he became disabled on April 20, 2010, and could not work because of back pain, shoulder pain, an inability to sit or stand for long periods of time, numbness, tingling, headaches and depression. AR 35, 42.

In response to questions from his attorney, Plaintiff testified that he cannot stand for more than five minutes or can sit for less than five minutes at a time. If he stood for five minutes, he would need to sit down for five minutes before resuming standing; and if he sat for less than five minutes, he would need to stand for less than five minutes before resuming sitting. AR 43-45. He also testified that he could walk less than five minutes at a time, and would need to sit down for less than five minutes before resuming walking. AR 45-46. He can lift less than a gallon of milk, and cannot kneel, bend, stoop, or crawl. AR 46-47. Plaintiff also testified that his hands go numb, and he loses control over them, about two or three times a day without warning. AR 47.

Plaintiff stated that during a typical day he plays games on his phone, watches TV, and sits and stands outside. AR 51. He is able to bathe; dress himself, but he needs help with shoes and socks; make his own breakfast, but cannot cook other meals; clean his own room, including vacuuming and

dusting; and feed and clean up after his pets with a long pole that does not require him to bend down. AR 48-50. He cannot do laundry or yard work. AR 49-50. He does not drive or shop. AR 35, 49.

**Relevant Medical Evidence**

The relevant medical record was reviewed by the Court, and will be referenced below as necessary to this Court's decision.

## THE ALJ'S DECISION

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled. AR 13-23. More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since April 20, 2010, his alleged onset date. AR 15. The ALJ identified the following severe impairments: cervical and lumbar degenerative disc disease; osteoarthrosis in his right shoulder; osteoarthritis; and obesity. AR 15-16. Nonetheless, the ALJ determined that the severity of the Plaintiff's impairments did not meet or medically equal any of the listed impairments. AR 16.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform work at the light exertional level. He could occasionally stoop, crouch and crawl, but could not engage in forceful pushing or pulling with his upper extremities. He could occasionally engage in overhead reaching, and must be permitted to change positions every twenty minutes. AR 17-22. The ALJ then found that the Plaintiff was unable to perform any past relevant work. AR 22. However, based on the Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs existing in significant numbers in the national economy that the claimant could perform. AR 22-23. The ALJ therefore found that Plaintiff was not disabled under the Social Security Act. AR 23.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112,

1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **DISABILITY STANDARD**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[2]

Plaintiff contends the ALJ erred by: (1) improperly rejecting Plaintiff's testimony; and (2) failing to properly consider whether Plaintiff met or equaled Listing 1.04A.

### **1. The ALJ Gave Sufficient Reasons to Reject Plaintiff's Subjective Testimony**

As indicated, Plaintiff contends the ALJ failed to provide legally adequate reasons to reject his testimony. (ECF No. 14, p. 10.) The Court disagrees.

---

[2] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

4

In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015. [3]

Here, the ALJ found that Plaintiff satisfied the first step of the analysis and made no finding of malingering. At the second step of the analysis, however, the ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . . " AR 21. Therefore, the ALJ's reasons for discounting the alleged severity of Plaintiff's symptoms must be specific, clear and convincing. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015).

The Court finds that the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's testimony regarding the limiting effects of his symptoms. First, the ALJ considered evidence that Plaintiff exaggerated his symptoms, citing inconsistent reports claimant made to his physicians. An ALJ properly may consider a claimant's prior inconsistent statements concerning symptoms, along with other testimony by the claimant that appears less than candid. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also* SSR 16-3p, 2016 WL 1119029 at *8 ("We will consider an individual's statements about the intensity, persistence, and limiting effects of symptoms,

---

[3] At the time of the ALJ's decision, Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, was in effect and explained the factors to be considered in assessing credibility. In March 2016, that ruling was superseded by SSR 16-3p, 2016 WL 119029. The parties disagree on whether SSR 16-3p applies retroactively to the current case. (ECF No. 14, p. 11 n 1; ECF No. 17, p. 10 n. 5).

The Ninth Circuit has not expressly ruled on this issue, but has determined that SSR 16-3p "makes clear what [its] precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after [the ALJ] find[s] that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness. *Trevizo v. Berryhill*, 862 F.3d 987, 1001 (9th Cir. 2017) (citing SSR 16-3p).

In this instance, it is not necessary for the Court to determine whether SSR 16-3p applies retroactively as the outcome would be the same under either SSR 16-3p or SSR 96-7p.

and we will evaluate whether the statements are consistent with objective medical evidence and the other evidence;" "we will consider the consistency of the individual's own statements"); SSR 96-7p, 1996 WL 374186 at *5 (adjudicator must consider "consistency of the individual's own statements"). The ALJ expressly contrasted Plaintiff's report in December 2011 that he was unable to perform self-care activities and was unable to bend with Plaintiff's report in June 2012 that he performed his personal needs without assistance, prepared meals, performed some household chores and shopped. AR 21, 492, 549-50. Additionally, the ALJ acknowledged the report of Plaintiff's wife, completed in May 2012, indicating that Plaintiff was able to prepare simple meals, feed their animals, water the outside plants, perform some light household chores, shop and attend church regularly. AR 21, 229-33.

Second, the ALJ discounted Plaintiff's testimony that he was unable to stand or sit for more than five minutes, based on the ALJ's own observations that Plaintiff sat throughout the fifty minute hearing. AR 21. An ALJ may rely on personal observations of the claimant at the administrative hearing when evaluating a plaintiff's testimony. *See*, *e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (ALJ properly relied in part on claimant's demeanor at hearing in discounting her testimony); *Drouin v. Sullivan*, 966 F.2d 1255, 1258–59 (9th Cir. 1992) (ALJ's personal observations at hearing one permissible factor taken into consideration in assessing claimant's allegations of severe, disabling pain); SSR 16-3p, 2016 WL 1119029 at *7 ("The adjudicator will consider any personal observations of the individual in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file."); SSR 96-7p, 1996 WL 374186 at *5 ("In instances where the individual attends an administrative proceeding conducted by the adjudicator, the adjudicator may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements.").

Plaintiff argues that the hearing was audio taped, and thus whether he stood up during the hearing or remained seated would depend upon whether such action was verbally documented. Plaintiff further argues that there was a recorded instance during the hearing when the Plaintiff requested to stand, but the ALJ failed to mention this instance in his decision. Plaintiff therefore argues that the ALJ's mischaracterization of the evidence warrants remand. (ECF No. 14, p. 12.)

The Court finds this argument unpersuasive. Although Plaintiff correctly notes that the ALJ failed to mention the one recorded instance in which Plaintiff requested to stand up during the hearing, the Court will not substitute its own conclusion in place of the ALJ's observations at the hearing. Further, where the evidence is susceptible to more than one rational interpretation, the ALJ's conclusions will be upheld. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Third, the ALJ found Plaintiff's assertions of total disability were not supported by the evidence. AR 21. Although lack of medical evidence cannot form the sole basis for discounting a claimant's testimony, it is a factor that the ALJ can consider. *Burch*, 400 F.3d at 681. The ALJ observed that in January 2011, Dr. Schengel indicated that Plaintiff was able to engage in household activities such as sweeping and mowing the lawn and by February 2011 could work without restriction. AR 18, 303, 304. In June 2012, Plaintiff showed no deficiencies in range of motion in his cervical region, lumbar region or knees and he could bend without difficulty. AR 18, 493-94. Further, treatment notes from Adventist and CCHanford-CV regularly showed normal range of motion, normal strength and tone, normal coordination and gate, intact sensation and normal reflexes. AR 19, 641, 705, 859, 861, 872, 883-84, 887, 891, 904, 932.

As a final matter, Plaintiff also argues that the ALJ erred by not crediting his work history as a positive factor when evaluating his testimony. (ECF No. 14 at p. 13.) Plaintiff is mistaken. Despite finding Plaintiff only partially credible because he appeared to exaggerate his symptoms, the ALJ noted that "[n]onetheless, the claimant had an excellent work history prior to his onset date." AR 21. From this record, it is evident that the ALJ considered Plaintiff's work history as a factor in his favor. 20 C.F.R. § 404.1529(c)(3).

### 2. The ALJ Did Not Err at Step Three

Plaintiff alleges that the ALJ failed to properly consider whether he met or equaled listing 1.04A (disorders of the spine) at step three of the sequential evaluation.

At step three, the ALJ determines whether "a claimant's impairment meets or equals an impairment listed in [20 C.F.R. part 404, subpart P, appendix 1]." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The Listing of Impairments describes specific impairments of each of the major body systems "which are considered severe enough to prevent a person from doing any gainful

activity." *Id.* (citing 20 C.F.R. § 404.1525). If a claimant meets or equals a listed impairment he or she will be found disabled at this step without further inquiry. *Id.* (citing 20 C.F.R. § 404.1520(d)).

A claimant bears the burden of proving that his or her impairments satisfy all the criteria of a particular listing. *Id.* "For a claimant to show that his [or her] impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). If a claimant's impairment or combination of impairments meets or exceeds a "listing," no specific finding is necessary as to the claimant's ability to perform his or her past relevant work or any other jobs. 20 C.F.R. § 404.1520(d).

Listing 1.04 requires a finding of disability for an individual who (a) has a "[d]isorder[] of the spine" such as "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, or vertebral fracture," (b) that results in compromise of a nerve root or the spinal cord, and (c) which is accompanied by the additional requirements set forth under section 1.04(A), 1.04(B), or 1.04(C). 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04. Section 1.04(A), the section at issue here, requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." *Id.* § 1.04(A).

Here, the ALJ indicated that the impairments listed in Appendix 1, Subpart P, CFR Part 404, which were "most nearly applicable to the claimant's medically determinable impairments, particularly sections 1.02, 1.04 and 14.09, have been reviewed and the criteria are not met or medically equaled." AR 16. In challenging the ALJ's finding, Plaintiff complains that the ALJ erred by failing to articulate the reasons listing 1.04A was not met. (ECF No. 14, pp. 16, 18.) However, the ALJ was not required to explain why Plaintiff failed to satisfy every different section of the listing. In *Gonzalez v. Sullivan*, 914 F.2d 1197 (9th Cir. 1990), the Ninth Circuit considered the question of whether the ALJ erred by failing to state what evidence supported the conclusion that the claimant's impairments did not meet or exceed the Listing of Impairments. 914 F.2d 1200. In considering this question, the Ninth Circuit held that "[i]t is unnecessary to require the [Commissioner], as a matter of

8

law, to state why a claimant failed to satisfy every different section of the listing of impairments." *Id.* at 1201. Instead, the Ninth Circuit found that the ALJ's four page evaluation of the evidence was an adequate statement of the foundations on which the ultimate factual conclusions were based, and upheld the step three finding. *Id.* Here, as in *Gonzalez*, the ALJ's five-page examination of the evidence is sufficient to support her step three finding.

Plaintiff also attempts to present evidence demonstrating that he meets the individual criteria of listing 1.04A. The Court finds that Plaintiff has failed to satisfy his burden to meet all of the specified medical criteria. *Sullivan*, 493 U.S. at 530. In particular, Plaintiff fails to forward sufficient evidence demonstrating "motor loss accompanied by sensory or reflex loss." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(A) (emphasis added). Indeed, Plaintiff admits that places in the record indicate normal motor strength, and cites only a single medical record from 2011 in which the motor strength in his right arm and right leg were found to be slightly diminished compared to the left arm and left leg, respectively, and pin wheel testing was slightly less sensitive over the right extremities when compared to the left. (ECF No. 14, p. 17; AR 553). In contrast, the ALJ cited findings from Dr. Schengel that Plaintiff could perform work without restriction relative to his upper extremities. AR 18, 303. The ALJ also cited findings from Dr. Roger Wagner in June 2012 indicating that Plaintiff had no deficits in range of motion of his cervical region, lumbar region or knees, he was able to bend, he could stand and walk up to 6 hours in an 8-hour day, he could lift and carry 50 pounds occasionally and 25 pounds frequently, and he frequently could climb, balance, stoop and crouch. AR 18, 491-95. Dr. Wagner's report also noted that Plaintiff had normal motor strength bilaterally in his upper and lower extremities, light touch and pinprick were intact throughout the upper and lower extremities and Plaintiff's deep tendon reflexes were 2+ in the bilateral upper and lower extremities. AR 494-95. The ALJ did not identify any record evidence demonstrating motor loss accompanied by sensory or reflex loss. Further, treatment records between May 2011 and May 2014 revealed that Plaintiff had normal muscle strength and tone, normal reflexes and intact sensation. AR 641, 705, 883, 887, 891, 932.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court

9

**DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security and against Plaintiff Ignacio Murguia.

IT IS SO ORDERED.

    Dated: __**September 15, 2017**__            /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE